UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAY PACKAGING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10MC00763 ERW |
| | ) | |
| MARK ANDY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Application for Confirmation of Arbitration Award [doc. #1]; Modification of Application for Confirmation of Arbitration Award [doc. #5]; and Mark Andy, Inc.'s Motion to Vacate Arbitration Award or, in the Alternative, to Correct or Modify the Arbitration Award [doc. #10]. The Court held a telephone hearing on these pending Motions on January 21, 2011, and the parties presented oral arguments.

The parties in this case entered into a Domestic Purchase Agreement, which provided for arbitration of disputes arising under the Agreement. A dispute arose between the parties, the parties submitted their dispute to arbitration, and the arbitrators ultimately found in favor of Plaintiff. The Arbitration Panel awarded Plaintiff the sum of $2,244,725.00[1], plus interest from August 6, 2008 at 9% per year, and $62,409.27 in arbitrators' fees and expenses. Plaintiff now

---

[1] The original award was in the amount of $2,344,725.00. This was the amount originally sought by Plaintiff in the initial Application for Confirmation of Arbitration Award [doc. #1], which was filed on December 10, 2010. However, on December 20, 2010, the Arbitration Panel reduced its award to $2,244,725.00, upon discovering a clerical error. Subsequently, Plaintiff filed its Modification of Application for Confirmation of Arbitration Award [doc. #5] to reflect the reduced award amount. This was the sole modification made to Plaintiff's original Application.

seeks judgment in that amount against Defendant, and all fees and costs incurred in filing the Application. Defendant opposes Plaintiff's Application, and filed the pending Motion to Vacate Arbitration Award. Defendant argues that the Arbitration Panel's decision is based upon a manifest disregard of the law, and therefore should be vacated in full.

The "manifest disregard of the law" doctrine was originally set forth by the United States Supreme Court in *Wilko v. Swan*, 346 U.S. 427 (1953). The doctrine was later called into question by the Supreme Court in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). In *Hall Street*, the Supreme Court stated that the provisions in the Federal Arbitration Act which allow a court to vacate or modify an arbitration award are exclusive. *See id.* at 586. After the *Hall Street* opinion was issued, a circuit split developed as to whether the "manifest disregard of the law" doctrine could still be used to vacate or modify an arbitration award. The Eighth Circuit has specifically address this issue, and concluded that a party's attempt to vacate or modify an arbitration award on the basis of an alleged manifest disregard of the law is not a cognizable claim. *See Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010) ("Appellant's claims, including the claim that the arbitrator disregarded the law, are not specifically enumerated in [the FAA] and are therefore not cognizable."). This Court is bound to follow the precedents established by the Eighth Circuit. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) ("The District Court, however, is bound, as we are, to apply the precedent of this Circuit."). Moreover, Defendant's argument that the Supreme Court reopened the issue in *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1768 n.3 (2010), is not persuasive because the Eighth Circuit's opinion in *Medicine Shoppe* was issued almost three months *after* the Supreme Court decision in *Stolt-Nielson*.

2

The sole basis for Defendant's Motion to Vacate is the "manifest disregard of the law" doctrine. Without relying on this doctrine, Defendant is unable to argue that this Court has authority to vacate the arbitration award. Because it is well-established in the Eighth Circuit that the "manifest disregard of the law" doctrine is no longer good law, and this Court is bound to follow the established law of the Eighth Circuit, Defendant's Motion must be denied. Moreover, having determined that the Motion to Vacate should be denied, there are no remaining challenges to Plaintiff's Application for Confirmation of Arbitration Award. As such, the Court finds it appropriate to confirm said award.

Accordingly,

**IT IS HEREBY ORDERED** that Mark Andy, Inc.'s Motion to Vacate Arbitration Award or, in the Alternative, to Correct or Modify the Arbitration Award [doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Confirmation of Arbitration Award [doc. #1] and Modification of Application for Confirmation of Arbitration Award [doc. #5] are **GRANTED**. The Court hereby confirms the Arbitration Panel's award in favor of Plaintiff in the amount of $2,244,725.00, plus interest from August 6, 2008 at 9% per year, and $62,409.27 in arbitrators' fees and expenses.

Dated this 21st Day of January, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE